FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

JUL 30 2015

JAMES W. McCORMACK, CLERK
By: _____ DEP CLERK

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

CHERRY MAGANA, Individually and on Behalf
of Others Similarly Situated                                          PLAINTIFF

vs.                           No. 4:15-cv-470-BRW

TRACTOR SUPPLY COMPANY                                              DEFENDANT

## COLLECTIVE AND CLASS ACTION COMPLAINT

COMES NOW Plaintiff Cherry Magana, by and through her attorneys Maryna Jackson and Josh Sanford of Sanford Law Firm, PLLC, and for her Collective And Class Action Complaint ("Complaint"), does hereby state and allege as follows:

### I.

### PRELIMINARY STATEMENTS

1.     This is an action brought by Plaintiff Cherry Magana, individually and on behalf of others similarly situated—current and former employees of Defendant Tractor Supply Company ("Defendant" or "Tractor Supply")—for violations of the overtime provisions of the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA") and the overtime provisions of the Arkansas Minimum Wage Act, Ark. Code Ann. § 11-4-201 *et seq.* ("AMWA").

2.     This is also an action for declaratory judgment pursuant to the Arkansas Declaratory Judgment Act, Ark. Code Ann. § 16-111-101, *et. seq.*

This case assigned to District Judge Wilson
and to Magistrate Judge Volpe

3. Plaintiff seeks a declaratory judgment; monetary damages; liquidated damages; prejudgment interest; and civil penalties and costs, including reasonable attorneys' fees, within the applicable statutory limitations period as a result of Defendant's failure to pay proper overtime compensation under the FLSA and the AMWA.

4. Plaintiff also seeks punitive damages for Defendant's violations of the AMWA based on the principles found in the Civil Justice Reform Act, Ark. Code Ann. § 16-55-206.

## II.

## JURISDICTION AND VENUE

5. The United States District Court for the Eastern District of Arkansas has subject matter jurisdiction over this suit under the provisions of 28 U.S.C. § 1331 because this suit raises federal questions under the FLSA.

6. This Complaint also alleges AMWA violations, which arise out of the same set of operative facts as the federal cause of action herein alleged; accordingly, this state cause of action would be expected to be tried with the federal claim in a single judicial proceeding.

7. This Court has pendent jurisdiction over Plaintiff's AMWA claim and the Arkansas Declaratory Action claim pursuant to 28 U.S.C. § 1367(a).

8. The acts complained of herein were committed and had their principal effect against Plaintiff within the Western Division of the Eastern District of Arkansas; therefore, venue is proper within this District pursuant to 28 U.S.C. § 1391.

## III.

## THE PARTIES

9. Plaintiff repeats and re-alleges all the preceding paragraphs of this Complaint as if fully set forth in this section.

10. Plaintiff is a citizen and resident of White County, Arkansas.

11. Plaintiff is a former employee of Defendant.

12. Plaintiff worked for Defendant as a retail assistant manager within a three (3) year period preceding the filing of this Complaint.

13. Defendant Tractor Supply is a Delaware corporation which is registered to do business in Arkansas.

14. Tractor Supply's registered agent for service of process is the Corporation Company, 124 West Capitol Avenue, Suite 1900, Little Rock, Arkansas 72201.

15. Defendant has employees engaged in commerce and has employees handling or otherwise working on goods or materials that have been moved in or produced for commerce by others.

16. Defendant's annual gross volume of sales made or business done is not less than $500,000.00 (exclusive of excise taxes at the retail level that are separately stated).

17. At all relevant times, Defendants have been, and continue to be, "employers" engaged in interstate "commerce" and/or in the production of "goods" for "commerce," within the meaning of the FLSA, 29 U.S.C. § 203.

18. At all relevant times, Defendants employed "employees," including Plaintiff, who have been engaged in interstate "commerce" and/or in the production of

"goods" for "commerce," within the meaning of the FLSA, 29 U.S.C. § 203.

19. At all times relevant to this lawsuit, Defendants employed more than four (4) employees.

## IV.

## FACTUAL ALLEGATIONS

20. Plaintiff repeats and re-alleges all the preceding paragraphs of this Complaint as if fully set forth in this section.

21. Plaintiff was employed as a retail assistant manager at Tractor Supply's stores located in Searcy and New Port, Arkansas, within the time period relevant to this case.

22. Plaintiff was classified as an hourly paid employee and non-exempt from the requirements of the FLSA.

23. Tractor Supply classifies all retail assistant managers as hourly employees and non-exempt from the requirements of the FLSA.

24. Tractor Supply requires its retail assistant managers to work a minimum of forty eight (48) hours per week.

25. Tractor Supply requires its retail assistant managers to work varied hours, nights and weekends as business dictates, plus six days a week during peak seasons in the spring and fall.

26. Plaintiff Magana and other retail assistant managers are paid overtime at a rate of time and one half of their regular rate of pay (1½) for all hours worked in excess of forty (40) per week.

27. Tractor Supply paid Magana and other retail assistant managers bonuses that were/are based on store meeting plan and sales goals for the month/year.

28. The bonuses were/are non-discretional and were/are not included in the calculation of Plaintiff and other retail assistant managers' regular rate of pay.

29. This practice was in excess of three (3) years and is ongoing. Tractor Supply knows that it does not include Plaintiff Magana and other retail assistant managers' bonuses in the calculation of their regular rate of pay and continues to do so.

V.

## COUNT ONE: FLSA AND AMWA VIOLATIONS

30. Plaintiff repeats and re-alleges all the preceding paragraphs of this Complaint as if fully set forth in this section.

### A.   FLSA Overtime Violations

31. U.S.C. § 207 requires employers to pay employees one and one-half times the employee's *regular* rate of pay for all hours worked in excess of forty (40) per week.  29 U.S.C.S. § 207(a)(1).

32. The regular rate "shall be deemed to include all remuneration for employment paid to, or on behalf of, the employee, including bonuses." 29 U.S.C.S. § 207(e), 29 C.F.R. § 778.209.

33. Tractor Supply failed to include bonuses when determining the regular rate of pay upon which overtime rate is based for Plaintiff and other retail assistant managers.

34. By reason of the unlawful acts alleged herein, Defendant is liable to Plaintiff Magana and other retail assistant managers unpaid overtime wages, liquidated

damages, pre-judgment interest, civil penalties and costs, including reasonable attorney's fees and costs as provided by the FLSA.

### B. AMWA Overtime Violations

35. Arkansas Code Annotated § 11-4-211 requires employers to pay employees one and one-half times the employee's regular rate for all hours that the employee works in excess of forty (40) per week.

36. Administrative Regulations of the Labor Standards Division of the Arkansas Department of Labor 010.14-109(a) Overtime Compensation, state as follows:

> For the purposes of determining and calculating overtime pay requirements and what constitutes an employee's "regular rate" of pay, the agency adopts and incorporates herein the provisions of 29 C.F.R. § 778 (July 1, 2005) as applicable.

37. 29 C.F.R. §778.209 requires employers to include bonuses which are based on objective criteria or that are routinely given in the calculation of the employee's regular rate. *See* Also DLSE Enforcement Manual 34.4.4.

38. Defendant failed to comply with the requirements of the AMWA by not including Plaintiff and other retail assistant managers' bonuses in the calculation of the employees' regular rate of pay.

39. By reason of the unlawful acts alleged herein, Defendant is liable to Plaintiff for, and Plaintiff seeks, unpaid overtime wages, liquidated damages, pre-judgment interest, civil penalties and costs, including reasonable attorney's fees as provided by the AMWA.

### C. Arkansas Civil Justice Reform Act—Punitive Damages

40. Defendant knew that it had obligations under the AMWA to include bonuses paid to Plaintiff and other retail assistant managers into calculations of their regular rate of pay. Defendant failed to comply with the requirements of the AMWA by not including Plaintiff's and other retail assistant managers' bonuses in the calculation of the employees' regular rate of pay.

41. Defendant is therefore liable to Plaintiff for, and Plaintiff seeks, punitive damages in accordance with the Arkansas Civil Justice Reform Act, Ark. Code Ann. § 16-55-206, for Defendant's failure to pay overtime to Plaintiff.

## VI.

## COLLECTIVE ACTION ALLEGATIONS

42. Plaintiff brings this claim for relief for violation of the FLSA as a collective action pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b), on behalf of all persons similarly situated as retail assistant managers who were, are, or will be employed by Tractor Supply at any time within the applicable statute of limitations period. Plaintiff's Consent to Join is attached hereto as Exhibit A.

43. The Collective Class is defined as follows:

> All current and former retail assistant managers of Tractor Supply Company, employed at any time since July 30, 2012.

44. Plaintiff is unable to state the exact number of the class but believe that the class exceeds 1,000 persons.

45. Tractor Supply can readily identify the members of the class, who are a current and former employees of Tractor Supply.

46. The names and physical and mailing addresses of the probable FLSA collective action plaintiffs are available from Defendant, and notice should be provided to the probable FLSA collective action plaintiffs via first class mail to their last known physical and mailing addresses as soon as possible.

47. The email addresses of many of the probable FLSA collective action plaintiffs are available from Defendant, and notice should be provided to the probable FLSA collective action plaintiffs via email to their last known email address as soon as possible.

48. The proposed FLSA class members are similarly situated in that they have been subject to uniform practices by Defendant which violated the FLSA, including:

   (a) Defendant's uniform underpayment to them by failing to include retail assistant managers' bonuses in the calculation of their regular rate of pay; and

   (b) Defendant's failure to pay members of the class proper overtime compensation in violation of the FLSA, 29 U.S.C. § 201 et seq.

## VII.

## CLASS ACTION ALLEGATIONS

49. Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as though fully set forth herein.

50. Plaintiff brings this class action to recover monetary damages owed by Defendant to Plaintiff and members of the putative Class for all the overtime compensation for all the hours they worked in excess of forty (40) each week.

51. Plaintiff brings this action on behalf of herself and all other similarly situated employees, former and present, who were and/or are affected by Defendant's willful and intentional violation of the AMWA.

52. In addition, and in the alternative, Plaintiff brings this action in her individual and personal capacity, separate and apart from the class claims set forth herein.

53. The Rule 23 Class under the AMWA is defined as follows:

> All current and former retail assistant managers of Tractor Supply Company, employed at any time since July 30, 2012.

54. The Class is so numerous that joinder of all members is impractical. While the exact number and identities of Class members are unknown at this time, and can only be ascertained through appropriate discovery, Plaintiff believes that over 30 putative class members have worked for Defendant without appropriate pay, as described herein, throughout the applicable statutory period.

55. This litigation is properly brought as a class action because of the existence of questions of fact and law common to the Class which predominate over any questions affecting only individual members, including:

(a) whether Plaintiff and the Class members' regular rate of pay was properly calculated;

(b) whether Tractor Supply included bonuses in the calculation of Plaintiff and members of the Class' regular rate of pay;

(c) whether Defendant has failed to pay Plaintiff and members of the Class proper overtime compensation for all of the hours worked over forty (40) each week; and

(d) whether Defendant is liable to Plaintiff and members of the Class for violations of the FLSA and/or the AMWA.

56. This litigation is properly brought as a class action because Plaintiff's claims are typical of the claims of the members of the Class, inasmuch as all such claims arise from Defendant's standard policies and practices, as alleged herein.

Page 9 of 13
Cherry Magana v. Tractor Supply Company
U.S.D.C. (E.D. Ark.) No. 4:15-cv-____
Collective And Class Action Complaint

57. Plaintiff has no interests antagonistic to the interests of the other members of the Class. Plaintiff is committed to the vigorous prosecution of this action and has retained competent counsel experienced in class action litigation. Accordingly, Plaintiff is an adequate representative and will fairly and adequately protect the interests of the class.

58. A class action is an appropriate and superior method for the fair and efficient adjudication of the present controversy given the following factors:

(a) Common questions of law and/or fact predominate over any individual questions which may arise, and, accordingly, there would accrue enormous savings to both the Court and the class in litigating the common issues on a class-wide, instead of on a repetitive individual, basis;

(b) Despite the relatively small size of individual class members' claims, their aggregate volume, coupled with the economies of scale inherent in litigating similar claims on a common basis, will enable this case to be litigated as a Class action on a cost-effective basis, especially when compared with repetitive individual litigation; and

(c) No unusual difficulties are likely to be encountered in the management of this class action in that all questions of law and/or fact to be litigated at the liability stage of this action are common to the class.

59. Plaintiff is aware of no members of the proposed class who have an interest in individually controlling the prosecution of separate actions, nor is Plaintiff aware of any other litigation concerning this particular controversy.

60. Class certification is also fair and efficient because prosecution of separate actions by individual class members would create a risk of differing adjudications with respect to such individual members of the class, which, as a practical

matter, may be dispositive of the interests of other members not parties to the adjudication, or substantially impair or impede their ability to protect their interests.

61.   Class certification is further appropriate under the AMWA because Defendant has acted and continues to act on grounds generally applicable to the members of the class and all the requirements under Rule (a) and Rule (b)(3) of Rule 23 of the Federal Rules of Civil Procedure are met.

62.   Plaintiff anticipates that there will be no difficulty in the management of this litigation. This litigation presents FLSA and AMWA claims of a type that have often been prosecuted on a class-wide basis, and the manner of identifying the class and providing any monetary relief to it can easily be effectuated from a review of Defendant's records.

63.   By reason of the unlawful acts alleged herein, Defendant is liable to Plaintiff and similarly situated members of the class for monetary damages, liquidated damages, prejudgment interest, civil penalties and costs, including reasonable attorney's fees provided by the FLSA and AMWA.

## VII.

## PRAYER FOR RELIEF

**WHEREFORE**, premises considered, Plaintiff Cherry Magana, individually and on behalf of others similarly situated, respectfully prays for declaratory relief and damages as follows:

(a)   That Defendant be summoned to appear and answer this lawsuit;

(b)   A declaratory judgment that Tractor Supply's practices alleged herein violate the Fair Labor Standards Act, 29 U.S.C. §201, *et seq.*;

(c) A declaratory judgment that Tractor Supply's practices alleged herein violate the Arkansas Minimum Wage Act, Ark. Code Ann. § 11-4-201, *et seq.* and the related regulations;

(d) Judgment for damages for all unpaid overtime compensation under the Fair Labor Standards Act, 29 U.S.C. §201, *et seq.*;

(e) Judgment for damages for all unpaid overtime compensation under the Arkansas Minimum Wage Act, Ark. Code Ann. § 11-4-201, *et seq.* and the related regulations;

(f) Judgment for liquidated damages pursuant to the Fair Labor Standards Act, 29 US.C. §201, *et seq.*, and attendant regulations at 29 C.F.R. §516 *et seq.*, in an amount equal to all unpaid overtime compensation owed to Plaintiff and members of the Class during the applicable statutory period;

(g) Judgment for liquidated damages pursuant to the Arkansas Minimum Wage Act, Ark. Code Ann. § 11-4-201, *et seq.* and the relating regulations;

(h) Judgment for any and all civil penalties to which Plaintiff and all other similarly situated employees may be entitled;

(i) An order directing Defendant to pay Plaintiff and members of the Class prejudgment interest, reasonable attorney's fees and all costs connected with this action; and

(j) Such other and further relief as this Court may deem necessary, just and proper.

Respectfully submitted,

**PLAINTIFF CHERRY MAGANA,
Individually and On Behalf of All
Others Similarly Situated**

SANFORD LAW FIRM, PLLC
ONE FINANCIAL CENTER
650 SOUTH SHACKLEFORD, SUITE 411
LITTLE ROCK, ARKANSAS 72211
TELEPHONE: (501) 221-0088
FACSIMILE: (888) 787-2040

By: _____
Maryna Jackson
Ark. Bar 2009111
maryna@sanfordlawfirm.com

and _____
Josh Sanford
Ark. Bar No. 2001037
josh@sanfordlawfirm.com

## CONSENT TO JOIN COLLECTIVE ACTION

I worked for Tractor Supply Company in a bonus eligible position, on or after _____. I understand this lawsuit is being brought under the Fair Labor Standards Act for unpaid overtime compensation. As a present or former bonus-eligible employee, I consent to becoming a party-plaintiff in this lawsuit, to be represented by Sanford Law Firm, PLLC, and to be bound by any settlement of this action or adjudication by the Court.

I declare under penalty of perjury that the foregoing is true and correct.

_____  105 Collison St._____
SIGNATURE                  Mailing Address

Cherry Magana              Bald Knob, AR 72010____
PRINTED NAME               City, State and Zip

870-335-8553_____  crmagana1980@yahoo.com
Telephone                  Email Address

Date: July 27, 2015

**Josh Sanford, Esq.**
**SANFORD LAW FIRM, PLLC**
**One Financial Center**
**650 South Shackleford Road, Suite 411**
**Little Rock, Arkansas 72211**
**Telephone: (501) 221-0088**
**Facsimile: (888) 787-2040**
**josh@sanfordlawfirm.com**